UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA LEANN KYKER, | No. 2:14-cv-0534 AC |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This case was referred to the undersigned by E.D. Cal. R. 302(c)(15). Before the court is defendant Colvin's ("the Commissioner") motion to reconsider the court's order granting plaintiff's motion for summary judgment and remanding for the determination of benefits. ECF No. 17. For the reasons discussed below, the court will deny the Commissioner's motion.

I.  LEGAL STANDARD

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc), cert. denied, 529 U.S. 1082 (2000)).

However, "amending a judgment after its entry remains an extraordinary remedy which should be

1  used sparingly." Allstate, 634 F.3d at 1111 (internal quotation marks omitted).  Amendment of

2  judgment is sparingly used to serve the dual "interests of finality and conservation of judicial

3  resources."  See Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

## II.  PROCEDURAL BACKGROUND

On February 24, 2014, plaintiff filed this action seeking reversal of the Commissioner's decision to deny him benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-34.  ECF No. 1.  On May 29, 2015, the court granted plaintiff's subsequent motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, and remanded the matter to the Commissioner for an immediate award of benefits.  ECF No. 15.  The court found that the Administrative Law Judge ("ALJ") improperly rejected the opinion of plaintiff's treating physician,[1] and that if that opinion were credited, the ALJ would be required to find that plaintiff was disabled.  Id.

On June 26, 2015, the Commissioner moved to alter or amend the court's judgment.  ECF No. 17.  The motion argues only the first Allstate ground, and is based upon the Commissioner's view that it was legal error to remand for payment of benefits rather than for further proceedings.  The parties have fully briefed the motion.  ECF Nos. 19 (plaintiff's Opposition), 22 (Commissioner's Reply).

## III.  ANALYSIS

The court will deny the Commissioner's motion because its order remanding for the payment of benefits is not based on a manifest error of law.  As the Commissioner correctly argues, the Ninth Circuit law governing remand for payment of benefits has been further developed beyond the cases cited by the court in its decision.  However, that further development does not counsel a different result in this case.  The Ninth Circuit has devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to the Commissioner with instructions to calculate and award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed

---

[1] The court found that the ALJ did not err in rejecting plaintiff's testimony.  ECF No. 15 at 7-10.

> to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). There is "flexibility" built into the rule, however. Specifically, even if all three above factors are satisfied, the court should still remand for further proceedings, rather than for an award of benefits "when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." Id. at 1021.

However, "where the record has been fully developed and where further administrative proceedings would serve no useful purpose," remand for the payment of benefits is warranted. Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1164 (9th Cir. 2012) (remanding for immediate payment of benefits where, as here, "there are no outstanding issues to be resolved," the complete record shows that plaintiff "is likely to miss multiple days of work per month," and "[t]he vocational expert testified that a person with Brewes' characteristics who would miss that much work was not employable.")

Although it did not specifically list the Garrison factors, the court found that the record showed that plaintiff was disabled, after identifying and considering the applicable factors. See ECF No. 17 at 5 (ALJ failed to provide "specific and legitimate reasons, supported by substantial evidence," which was "the very least" that was required), 11 (the vocational expert testified that no jobs were available to a person like plaintiff, who "required a sit and stand option," and who "would be absent three times per month"), 11-12 ("it is clear from the record that the ALJ would have been required to find plaintiff disabled if Dr. Booker's opinion had been credited"). Moreover, the record as a whole does not create "serious doubt" that plaintiff is, in fact, disabled.

The Commissioner's motion offers no reason for the court to change its determination other than mere disagreement with the court's decision. This court has already rejected the Commissioner's argument, offered in her cross-motion for summary judgment, that "should this Court determine that the ALJ erred in regard to the medical opinions or to Claimant's credibility, it should act as the United States Supreme Court has directed it to act and remand so that the

1 proper fact finder may assess the evidence." See ECF No. 13 at 8.  The motion for
2 reconsideration will be denied where, as here, the Commissioner offers mere disagreement with
3 the court's decision, and recapitulates the arguments it made before the court in its cross-motion
4 for summary judgment.  See Arteaga v. Asset Acceptance, LLC, 733 F. Supp. 2d 1218, 1237
5 (E.D. Cal. 2010) (rejecting Rule 59(e) motion where plaintiff's "arguments on reconsideration
6 simply recapitulate her original argument").

## IV.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that the Commissioner's Motion to Alter or Amend Judgment (ECF No. 17), is DENIED.

DATED: December 3, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE