UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA LEANN KYKER, | No. 2:14-cv-0534 AC |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendants. | |

Plaintiff sought judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Disability Income Benefits under Title II of the Social Security Act. On May 29, 2015, the court granted plaintiff's motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, and remanded the action to the Commissioner for the immediate payment of benefits. ECF No. 15. On June 26, 2015, defendant moved to amend the judgment to have the case remanded for further proceedings, rather than for payment of benefits. ECF No. 17. The court denied this motion. ECF No. 23.

Now pending before the court is plaintiff's October 17, 2016 motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 26. On October 18, 2016, defendant filed a Statement of Non-Opposition, asserting that defendant "is not in a position to either assent

////

1

or object" to the fee request. ECF No. 26 at 2. For the reasons set forth below, the motion will be denied without prejudice to its renewal in proper form.

## I. FEES UNDER SECTION 406(b)

Attorneys are entitled to fees for cases in which they have successfully represented social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002)). The goal of fee awards under § 406(b) is "'to protect claimants against "inordinately large fees" and also to ensure that attorneys representing successful claimants would not risk "nonpayment of [appropriate] fees."'" Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d 1215, 1217 (9th Cir. 2012) (quoting Gisbrecht, 535 U.S. at 805).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable. Gisbrecht, 535 U.S. at 808-09 ("406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" Crawford, 586 F.3d at 1149 (quoting Gisbrecht, 535 U.S. at 793, 808).

In determining whether the requested fee is reasonable, the court considers "'the character of the representation and the results achieved by the representative.'" Crawford, 586 F.3d at 1151 (quoting Gisbrecht, 535 U.S. at 808). In determining whether a reduction in the fee is warranted, the court considers whether the attorney provided "substandard representation or delayed the case," or obtained "benefits that are not in proportion to the time spent on the case." Id. Finally, the court considers the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S. at 808); see also, E.D. Cal. R. 293(c)(1) (in fixing attorney's fees the court considers "the time and labor required"). Below, the court will consider these factors in assessing whether the fee requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is reasonable.

## II.  REASONABLENESS OF FEE REQUEST

At the outset of the representation, plaintiff and her counsel entered into a contingent-fee agreement. Declaration of Monica Perales ("Perales Decl.") (ECF No. 26) at 8 ¶ 2; ECF No. 26-1 (representation agreement). Plaintiff's counsel now seeks attorney's fees in the amount of $15,867.00. ECF No. 26 at 1. According to counsel, the "Commissioner issued a notice in this matter dated June 11, 2016, indicating that the retroactive benefits total $63,468.00," that counsel received that notice, that it was attached to plaintiff's motion as Exhibit 2, and that her fee request is 25% of the retroactive benefit amount. Perales Decl. at 8 ¶ 4; ECF No. 26 at 3. However, the court has reviewed Exhibit 2, and cannot identify any award of $63,468.00.[1] See ECF No. 26-2.

If counsel reached the $63,468.00 through a calculation involving the amounts that are disclosed in Exhibit 2, she must set the calculation forth for the court. In the absence of evidence showing what the retroactive benefits paid are, the court cannot determine what were the "results achieved," and whether the $15,867 fee request is reasonable. The request will therefore be denied.

////

---

[1] Defendant pointed this out in her role "resembling that of a trustee for the claimants." See Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002); ECF No. 27 at 1 ("[i]t is unclear how Plaintiff's counsel determined past due benefits). Plaintiff's counsel has not clarified how she made this calculation.

3

III.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 26), is DENIED without prejudice to its renewal in proper form.

DATED:  November 28, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE