UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA LEANN KYKER, | No. 2:14-cv-0534 AC |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner Of Social Security,[1] | |
| Defendant. | |

Now pending before the court is the November 30, 2016 renewed motion of plaintiff's counsel for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 29. Counsel's original request was denied because it failed to present any evidence establishing the amount of the award plaintiff had received, and upon which the 25% contingency fee would be based. See ECF No. 28. On December 1, 2016, defendant filed a response asserting that defendant "is not in a position to either assent or object" to the fee request. ECF No. 30. For the reasons set forth below, the motion will again be denied without prejudice to its renewal in proper form.

Plaintiff's counsel asserts that "Kyker agreed at the outset of the representation that Lawrence D. Rohlfing would receive a fee of 25% of the past due benefits awarded …." ECF

---

[1] On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of the Social Security Agency. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on January 27, 2017).

1

No. 29 at 7. In support of this assertion, counsel filed a declaration stating that the 25% contingency agreement, attached as "Exhibit 1," is "dated February 6, 2014." ECF No. 29 at 9 ¶ 2. That date is just prior to the date plaintiff filed this lawsuit.

However, the contingency fee agreement attached to the declaration as Exhibit 1 is dated September 10, 2015, which is not the "outset" of counsel's representation of plaintiff. See ECF No. 29-1. To the contrary, the attached agreement was signed after the court had already remanded the case for the immediate calculation and payment of benefits. See ECF No. 15 (May 29, 2015).[2]

The court acknowledges that counsel in fact represented plaintiff during this court proceeding. Therefore, if counsel means to argue that the fact of her successful representation, alone, is what entitles her to take 25% of plaintiff's past-due benefits, then she is entitled to apply for the fee on that basis, and to explain the legal basis for it. However, counsel may not request the fee based (at least in part) upon the representation that her client signed a written 25% contingency fee arrangement prior to her representation, when in fact the written agreement was signed after plaintiff had already received the benefit of counsel's work.

Accordingly, IT IS HEREBY ORDERED that counsel's renewed Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 29), is DENIED without prejudice to its renewal in proper form within 30 days.

DATED: January 27, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] The agreement also comes after counsel's brief was filed in opposition to defendant's motion to alter or amend the judgment. See ECF Nos. 19, 21 (July 30, 2015).